UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANDRA KOZAK, an individual, on behalf of herself and all others similarly situated,

Plaintiff,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation, and DOES 1-10,

Defendant.

Case No. 26-cv-07312-TLT

**ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT CASE NO. 26CV192931**

Re: Dkt. Nos. 10, 20, 21, 22

On October 16, 2026, the Court ordered Defendant to address whether this action meets the amount in controversy requirement under 28 U.S.C. § 1332(a). ECF 21. On October 20, 2026, Defendant timely filed a response. ECF 22. Having reviewed the parties' briefs on the pending Motion to Remand, ECF 10, and Defendant's response to the Court's October 16, 2026 order, the Court finds that this action must be remanded.

In her original complaint filed in state court, Plaintiff does not seek monetary damages, but rather declaratory and injunctive relief regarding Defendant's policy by adding a notice of a new term, as well as attorneys' fees under California Code of Civil Procedure § 1021.5. ECF 1. When "a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing [the amount in controversy], by a preponderance of the evidence." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

The parties dispute the cost of providing notice of the new term contemplated by Plaintiff. Plaintiff claims that if the notice is three pages, the cost is $66,000. ECF 16 at 5. Defendant contends that, relying on its business analyst's declaration, the cost is at least $970,000, based on an estimated cost of $0.88 per policy for one million policyholders. ECF 16 at 2, 16-1 ¶ 3. The Court finds that Defendant has failed to meet its burden on the amount in controversy. *See*

United States District Court
Northern District of California

*Sanchez*, 102 F.3d 398, 405 (given the equivocal nature of the defendant's argument and the absence of record evidence, the defendant failed to satisfy its burden of proof); *Doe v. Aetna, Inc.*, No. 17-cv-07167-EMC, 2018 WL 1614392, at *6 (N.D. Cal. Apr. 4, 2018) (finding that the cost of compliance based on the declaration is conclusory to meet the burden of proof).

As to attorneys' fees, the Court looks to the underlying statute to determine whether the recoverable fee should be included. Defendant relies on *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018), to argue that prospective attorneys' fees should be included in the amount in controversy. ECF 22. The underlying statute in *Fritsch* is California Labor Code § 218.5, which provides that "the court *shall* award reasonable attorney's fees and costs to the prevailing party" upon request. The Ninth Circuit in *Fritsch* held that "[b]ecause the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy." 899 F.3d at 794. Unlike *Fritsch*, the underlying statute in this action is California Code of Civil Procedure §1021.5, which provides that a court "*may* award attorneys' fees to a successful party" if three conditions are satisfied, namely (1) 'a significant benefit, whether pecuniary or nonpecuniary, has conferred on the general public'; (2) 'the necessity and financial burden of enforcement makes the award appropriate'; and (3) 'such fees should not be paid out of the recovery.'

Because the law at stake in this action does not 'entitle' a successful party to attorney's fees and the Defendant has not met its burden to establish the cost of complying with Plaintiff's declaratory and injunctive relief, the Court finds that this action should be remanded.

Accordingly, this action is **REMANDED** to the Alameda County Superior Court, Case No. 26CV192931, for lack of subject matter jurisdiction. The Initial Case Management Conference set for October 22, 2026 is **VACATED**.

This Order resolves ECF 11.

IT IS SO ORDERED.

Dated: October 20, 2026

TRINA L. THOMPSON
United States District Judge